People v Elmore (2023 NY Slip Op 00570)

People v Elmore

2023 NY Slip Op 00570

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

915 KA 20-01530

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAZZMIN ELMORE, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered August 12, 2020. The judgment convicted defendant of criminal sale of a firearm in the third degree, criminal possession of a firearm (two counts) and conspiracy in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her of, inter alia, criminal sale of a firearm in the third degree (Penal Law
§ 265.11 [1]), defendant contends that her waiver of the right to appeal is invalid and does not foreclose her challenge to the severity of the negotiated sentence. As defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as "the perfunctory inquiry made by [Supreme] Court was insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Soutar, 170 AD3d 1633, 1634 [4th Dept 2019], lv denied 34 NY3d 938 [2019] [internal quotation marks omitted]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court